## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| TRACY VICTOR GOLDMAN, | : | |
| Petitioner, | : | |
| vs. | : | CA 19-0844-JB-MU |
| TREY OLIVER, III,, et al., | : | |
| Respondents. | | |

## REPORT AND RECOMMENDATION

This prisoner action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action, without prejudice, based upon Petitioner's failure to prosecute this action and comply with the Court's order dated October 24, 2019 (Doc. 2) and the order contained in the instructions section of his habeas corpus complaint that he immediately advise the Court regarding any change in his address (Doc. 1, at 2).

Petitioner Tracy Victor Goldman filed a petition for habeas corpus relief in this Court on or about September 29, 2019, pursuant to 28 U.S.C. § 2254, challenging the validity of his September 22, 2019 SORNA conviction in the Circuit Court of Mobile County, Alabama. (*See* Doc. 1, at 2 & 12). The instructions accompanying Goldman's form habeas complaint specifically advised Petitioner of the following: "You <u>must immediately</u> advise the Court of any change in your address, e.g., if you are released, transferred, moved, etc. Failure to notify the Court of your new address will result in the

dismissal of this petition for failure to prosecute and obey the Court's order." (*Id.* at 2 (emphasis in original)).

Because Goldman did not pay the $5.00 filing fee or, otherwise, request permission to proceed without prepayment of fees and costs at the time he filed his habeas petition (*compare* Doc. 1, at 1 ("Upon receipt of a fee of $5, your petition will be filed if it is in proper order. [] If you do not have the necessary filing fee, you may request permission to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, in which event you must complete the "Motion to Proceed Without Prepayment of Fees and Costs" form mailed to you with this form, and have an authorized officer at the jail or prison complete the attached financial statement.") *with* Docket Sheet), the undersigned entered an order on October 23, 2019, instructing Goldman (by November 13, 2019) "either to pay the filing fee or to complete and file the Court's form for a motion to proceed without prepayment of fees." (Doc. 2.) Goldman was advised that his "[f]ailure to comply with this order within the prescribed time will result in the dismissal without prejudice of this action for failure to prosecute and to obey the Court's order." (*Id.*)

Goldman has not complied with the order dated October 23, 2019 and cannot so comply because that Order was returned to the Clerk's Office as undeliverable on November 8, 2019. (*See* Doc. 3). The envelope containing the order was embossed as follows: "RETURN TO SENDER NO LONGER HERE." (*Id.* at 1). On November 13, 2019, the undersigned's staff checked various relevant websites, including the website for the Alabama Department of Corrections and the website for the Mobile County Sheriff's Office, but was unable to locate Goldman. Petitioner, however, is responsible for this Court's inability to locate him and forward to him the Order dated October 23, 2019

2

because he did not advise this Court of his change of address. (*See* Doc. 1, at 2 (requiring petitioner to immediately advise the Court of any change in his address and that any failure to so notify the Court would result in the dismissal of his petition for failure to prosecute and to obey the Court's order)).

An action may be dismissed if a petitioner fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, because the Petitioner did not apprise this Court of a change in his address, as ordered (*see* Doc. 1, at 2), he has not (and cannot) respond to the Court's Order dated October 23, 2019, instructing him to pay the $5.00 filing fee or, otherwise, file this Court's form for a motion to proceed without prepayment of fees (*compare* Docket Sheet *with* Doc. 1, at 2 & Doc. 2). Therefore, it is recommended that the Court **DISMISS WITHOUT PREJUDICE** Petitioner's habeas corpus action, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by complying with this Court's lawful orders.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written

objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 14th day of November, 2019.

                                  s/P. Bradley Murray
                                  **UNITED STATES MAGISTRATE JUDGE**